672 So.2d 523 (1996)
In re AMENDMENTS TO FLORIDA RULES OF JUDICIAL ADMINISTRATION REGARDING DEATH CASES.
No. 87657.
Supreme Court of Florida.
April 11, 1996.
PER CURIAM.
To avoid unnecessary judicial labor and to assist this Court in eliminating unnecessary administrative delays in cases in which defendants have been sentenced to death, this Court, on its own motion, hereby adopts the following amendments to the Florida Rules of Judicial Administration.[1]

I. ASSIGNMENT OF ORIGINAL JUDGE TO HEAR SUBSEQUENT PROCEEDINGS.
Florida Rule of Judicial Administration 2.050(b)(4) is hereby amended as follows:
(4) The chief judge shall assign judges to the courts and divisions, and shall determine the length of each assignment. All judges shall inform the chief judge of any contemplated absences that will affect the progress of the court's business. If a judge is temporarily absent, is disqualified in an action, or is unable to perform the duties of the office, the chief judge or the chief judge's designee may assign a proceeding pending before the judge to any other judge or any additional assigned judge of the same court. The chief judge may assign any judge to temporary service for which the judge is qualified in any court in the same circuit. If it appears to the chief judge that the speedy, efficient, and proper administration of justice so requires, the chief judge shall request the chief justice of the supreme court to assign temporarily an additional judge or judges from outside the circuit to duty in the court requiring assistance, and shall advise the chief justice whether or not the approval of the chief judge of the circuit from *524 which the assignment is to be made has been obtained. The assigned judges shall be subject to administrative supervision of the chief judge for all purposes of this rule. When assigning a judge to hear any type of postconviction or collateral relief proceeding brought by a defendant who has been sentenced to death, the chief judge shall assign to such cases the judge who presided over the original proceeding if that judge is active or otherwise available to serve unless otherwise directed by the supreme court. Nothing in this rule shall restrict the constitutional powers of the chief justice of the supreme court to make such assignments as the chief justice shall deem appropriate.

II. MONITORING OF STATUS IN TRIAL COURTS.
Florida Rule of Judicial Administration 2.050(b)(7) is hereby amended as follows:
(7) The chief judge shall regulate the use of courtrooms, regularly examine the dockets of the courts under the chief judge's administrative supervision, and require a report on the status of the actions on the dockets. The chief judge may take such action as may be necessary to cause the dockets to be made current. The chief judge shall monitor the status of all pending postconviction or collateral relief proceedings brought by defendants who have been sentenced to death and shall take the necessary actions to assure that such cases proceed without undue delay. On July 1 and October 1, 1996, and on the first day of every January, April, July, and October thereafter, the chief judge shall inform the chief justice of the supreme court the status of all such pending cases.

III. RECORD ON APPEAL
Florida Rule of Judicial Administration 2.050(h) is hereby created to read as follows:
(h) Status Conference After Compilation of Record in Death Cases. In any proceeding in which a defendant has been sentenced to death, the circuit judge assigned to the case shall take such action as may be necessary to assure that a complete record on appeal has been properly prepared. To that end, the judge shall convene a status conference with all counsel of record as soon as possible after the record has been prepared pursuant to rule of appellate procedure 9.200(d) but before the record has been transmitted. The purpose of the status conference shall be to ensure that the record is complete.
These amendments to the rules shall become effective upon the filing of this opinion. Because these rule amendments are being adopted by the Court without prior notice to interested parties, we hereby direct that all interested parties may submit comments regarding these amendments within thirty days from the date of this opinion. Consideration of comments, however, will not alter the effective date of the amendments.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 2(a), Fla. Const.