688 So.2d 320 (1997)
In re AMENDMENT TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION, RULE 2.050(b)(10).
No. 89798.
Supreme Court of Florida.
February 7, 1997.
PER CURIAM.
In order to prevent the assignment of new judges with no prior experience trying criminal cases to death penalty cases, this Court hereby enacts, effective immediately, rule 2.050(b)(10), Florida Rules of Judicial Administration. The rule, which is set forth below, ensures that all judges hearing capital cases have the experience and training necessary to handle the unique demands of such proceedings.
(10) The chief judge shall ensure that no judge presides over a capital case in which the state is seeking the death penalty or collateral proceedings brought by a death row inmate until that judge has served a minimum of six months in a felony criminal division and has successfully completed the "Handling Capital Cases" course offered through the Florida College of Advanced Judicial Studies within the last five years. The Chief Justice may waive this requirement in exceptional circumstances at the request of the chief judge.
Pursuant to the authority of rule 2.130(a), Florida Rules of Judicial Administration, dealing with emergency rule changes, we hereby fix the date of March 31, 1997, for further consideration of the new rule. Any person wanting to comment on or seek abrogation of the new rule shall submit such comments by that date.
It is so ordered.
*321 KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and WELLS, JJ., concur.
ANSTEAD, J., concurs specially with an opinion, in which KOGAN, C.J., concurs.
ANSTEAD, Judge, specially concurring.
Today this Court has taken an important step to help ensure the integrity of the trial process in capital cases. This rule, of course, is no substitute for the absolute commitment of chief judges, presiding judges, prosecutors, defenders and all other responsible persons in the system to maintain the integrity of the system by adhering to the very highest standards of professional conduct and competency in capital proceedings. The presiding judge also has the responsibility for supervising the conduct of the other participants in the system.
In addition to the high standards of preparation and performance judicial officers assume for themselves, judges responsible for the appointment of counsel must be certain that only highly qualified lawyers are appointed to represent indigent capital defendants. As with physicians charged with enormous responsibility for the lives of their patients, there is no margin of error for the qualifications of counsel in a capital case. Too many times this Court has reviewed records where the incompetence of counsel is patent and the attendant consequences to the particular case and the justice system are disastrous. Cf. Stephen B. Bright, Counsel for the Poor: The Death Sentence Not for the Worst Crime but for the Worst Lawyer, 103 Yale L.J. 1835 (1994).
Florida, unlike many states, is lagging behind in adopting standards on this important issue. In July, 1995, for example, the United States Conference of Chief Justices adopted a resolution on the competence of counsel in capital cases that provides in part:
WHEREAS, providing quality representation to defendants facing loss of liberty or life is essential to fundamental due process and the speedy and final resolution of judicial proceedings; and
WHEREAS, the development, promulgation and implementation of standards and procedures for quality representation in state courts is a state responsibility; and,
WHEREAS, it appears that the numbers of defendants facing potential death penalty sanctions are burgeoning and the energies and resources of the volunteer attorneys, public defenders and death penalty resource centers who have provided the bulk of representation for these defendants over the past decade have largely been exhausted;
NOW, THEREFORE, BE IT RESOLVED that the Conference urges the judicial leadership of each state in which the death penalty is authorized by law to:
Initiate a broad-based, interdisciplinary planning program to establish standards and a process that will assure the timely appointment of competent counsel, with adequate resources, to represent defendants in capital cases at each stage of such proceedings....
Recently a federal court has concluded that the State of Florida does not provide adequate "standards of competency" for post-conviction counsel in capital cases. Hill v. Butterworth, 941 F.Supp. 1129 (N.D.Fla. 1996); Hill v. Butterworth, 170 F.R.D. 509 (N.D.Fla.1997). In each of these decisions, the district court discussed at great length Florida's inadequacies in setting standards for counsel for the purposes of allowing Florida to "opt-in" to the limited habeas corpus review provisions of the U.S. Code. See 28 U.S.C. § 2261(b) (1996).
KOGAN, C.J., concurs.