701 So.2d 864 (1997)
In re AMENDMENT TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION, RULE 2.050(b)(10).
No. 89798.
Supreme Court of Florida.
November 20, 1997.
Don T. Sirmons, Chief Judge, Fourteenth Judicial Circuit, Panama City, on behalf of the Circuit Judges of the Fourteenth Circuit; William T. Swigert, Chief Judge, Fifth Judicial Circuit, Ocala, on behalf of the Administrative Judges of the Fifth Circuit; Stephen L. Dakan, Chairman, Florida Conference of Circuit Judges, Sarasota, Bruce H. Colton, State Attorney, Nineteenth Judicial Circuit, Fort Pierce, Susan F. Schaeffer, Chief Judge, Sixth Judicial Circuit, St. Petersburg, Robert A. Butterworth, Attorney General and Carolyn M. Snurkowski, Assistant Attorney General, Tallahassee, on behalf of the Office of the Attorney General; Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit, Miami, as President of the Florida Public Defender Association; Julianne Piggotte, Dean, College of Advanced Judicial Studies, Daytona Beach, and Robbie M. Barr, Circuit Judge, Chair, Education Section, Conference of Circuit Judges, Miami, Responding.
PER CURIAM.
On February 7, 1997, this Court enacted Rule of Judicial Administration 2.050(b)(10) to ensure that all judges hearing capital cases have the experience and training necessary to handle the unique demands of such proceedings. In re Amendment to the Florida *865 Rules of Judicial Administration, Rule 2.050(b)(10), 688 So.2d 320 (Fla.1997). Although the rule became effective immediately, we gave interested parties until March 31, 1997, to file comments. Thereafter, the Court requested input from the Florida Court Education Council on how to resolve the practical problems encountered in implementing the new rule.
Having duly considered the comments filed by interested parties and the recommendations of the Florida Court Education Council, the Court hereby amends rule 2.050(b)(10) as follows. The new language is indicated by underscoring and strike-through type indicates deletions. The amendments shall become effective immediately.
(10) The chief judge shall ensure that no judge presides over a capital case in which the state is seeking the death penalty or collateral proceedings brought by a death row inmate until that judge has served a minimum of six 6 months in a felony criminal division and has successfully completed the "Handling Capital Cases" course offered through the Florida College of Advanced Judicial Studies within the last 5 years Each judge must complete the "Handling Capital Cases" course as soon as practicable upon entering the criminal division. Once a judge success fully completes the "Handling Capital Cases" course, the judge must thereafter attend a "refresher" course during each of the subsequent continuing judicial education reporting periods. The Cchief Jjustice may waive this the course requirement in exceptional circumstances at the request of the chief judge. This requirement shall not preclude a judge from presiding in collateral proceedings in a case in which the judge presided over the trial or an earlier collateral proceeding.
Court Comments
The refresher course may be a six-hour block during any Florida Court Education Council approved course offering sponsored by any approved Florida judicial education provider, including the Florida College of Advanced Judicial Studies or the Florida Conference of Circuit Judges. The block must contain instruction on the following topics: penalty phase, jury selection, and rule 3.850 proceedings.
Failure to complete the refresher course during the three-year judicial education reporting period will necessitate completion of the original "Handling Capital Cases" course.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.