978 So.2d 805 (2008)
In re AMENDMENTS TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.215.
No. SC07-596.
Supreme Court of Florida.
March 27, 2008.
Judge Robert T. Benton, II, Chair, Florida Rules of Judicial Administration Committee, First District Court of Appeal; John F. Harkness, Jr., Executive Director, and J. Craig Shaw, Bar Liaison, The Florida Bar, Tallahassee, FL; Circuit Judge Jennifer D. Bailey, Vice-Chair, Florida Court Education Council, and Circuit Judge Kevin M. Emas, Florida Court Education Council, Eleventh Judicial Circuit, Miami, FL, for Petitioner.
PER CURIAM.
This matter is before the Court for consideration of proposed amendments to Florida Rule of Judicial Administration 2.215. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On April 3, 2007, The Florida Bar's Rules of Judicial Administration Committee (Committee) filed an out-of-cycle report proposing amendments to Rule of Judicial Administration 2.215, Trial Court Administration. The proposed rule change derived from a proposal presented to the Committee by the Florida Court Education Council in September 2005. The amendments at issue pertain to rule 2.215(b)(10), which establishes the minimum felony trial experience and educational training required for circuit court judges to preside over capital cases and the responsibility of the chief judge in assigning capital cases. After submission to the Court, the proposed amendments to rule 2.215 were published in the June 1, 2007, edition of The Florida Bar News. No comments were filed with the Court. Upon consideration of the Committee's proposal, we hereby adopt rule 2.215(b)(10) as proposed.
Under rule 2.215(b)(10), the chief judge shall not assign a circuit judge to preside over a capital case, whether it be the initial proceeding where the state is seeking the death penalty or a collateral proceeding brought by a death row inmate, unless the judge has met the requisite educational and experiential qualifications. The amendment reorganizes the rule, breaks down the requirements into new subdivisions, and clarifies when a circuit judge must take the refresher course to remain in compliance with the rule. The amendment also clarifies that the judge must have presided for a minimum of six months in a felony division and adds the alternative of presiding in a division that includes felony criminal cases. As amended, rule 2.215(b)(10)(B) allows for waiver of the requirements.
Accordingly, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The amendments shall become effective April 1, 2008, at 12:01 a.m.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
RULE 2.215. TRIAL COURT ADMINISTRATION
(a) (No Change)
(b) Chief Judge.
(1)-(9) (No Change)
*806 (10) The chief judge shall ensure that no judge presides over a capital case in which the state is seeking the death penalty or collateral proceedings brought by a death row inmate until that judge has served a minimum of 6 months in a felony criminal division and has successfully completed the "Handling Capital Cases" course offered through the Florida College of Advanced Judicial Studies. Each judge must complete the "Handling Capital Cases" course as soon as practicable upon entering the criminal division. Once a judge successfully completes the "Handling Capital Cases" course, the judge must thereafter attend a "refresher" course during each of the subsequent continuing judicial education reporting periods. The chief justice may waive the course requirement in exceptional circumstances at the request of the chief judge. This requirement shall not preclude a judge from presiding in collateral proceedings in a case in which the judge presided over the trial or an earlier collateral proceeding.
(A) The chief judge shall not assign a judge to preside over a capital case in which the state is seeking the death penalty, or collateral proceedings brought by a death row inmate, until that judge has become qualified to do so by:
(i) presiding a minimum of 6 months in a felony criminal division or in a division that includes felony criminal cases, and
(ii) successfully attending the "Handling Capital Cases" course offered through the Florida College of Advanced Judicial Studies. A judge whose caseload includes felony criminal cases must attend the "Handling Capital Cases" course as soon as practicable.
(B) The chief justice may waive these requirements in exceptional circumstances at the request of the chief judge.
(C) Following attendance at the "Handling Capital Cases" course, a judge shall remain qualified to preside over a capital case for three calendar years, and may maintain that qualification by attending a "Capital Case Refresher" course during each following three-year period. A judge who has attended the "Handling Capital Cases" course and who has not taken the "Capital Case Refresher" course within three years must requalify to preside over a capital case by attending the refresher course.
(D) The refresher course shall be at least a 6-hour course and must be approved by the Florida Court Education Council. The course must contain instruction on the following topics: penalty phase, jury selection, and proceedings brought pursuant to Florida Rule of Criminal Procedure 3.851.
(E) This rule shall not preclude a judge from presiding in collateral proceedings in a case in which the judge presided over the trial or an earlier collateral proceeding.
(c)-(i) [No Change]

Court Commentary

(No Change)