992 So.2d 237 (2008)
In re AMENDMENTS TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.215.
No. SC08-1212.
Supreme Court of Florida.
September 25, 2008.
Scott M. Dimond, Chair, Florida Rules of Judicial Administration Committee, Miami, Florida, Judge Jennifer D. Bailey, Vice Chair, Florida Court Education Council, Eleventh Judicial Circuit, Miami, Florida and Judge Kevin M. Emas, Co-Chair, Handling Capital Cases Course, Eleventh Judicial Circuit, Miami, Florida, and J. Craig Shaw, Bar Liaison, The Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
On its own motion, the Court amends Florida Rules of Judicial Administration, Rule 2.215, Trial Court Administration. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(g).
Previously, on March 27, 2008, the Court amended rule 2.215(b)(10), which establishes the requisite minimum felony trial experience and educational training of circuit court judges necessary to preside over capital cases and the responsibility of the chief judge in assigning capital cases. See *238 In re Amendments to Florida Rule of Judicial Administration 2.215, 978 So.2d 805 (Fla.2008). The amendments, limited to clarifying and reorganizing the rule, derived from a proposal presented to The Florida Bar's Rules of Judicial Administration Committee (Committee) by the Florida Court Education Council, which the Committee then submitted to the Court.
Prior to creation of rule 2.050[1], judges were not required to meet any requirements before being able to preside over a capital case. Rule 2.050(b)(4) was amended to provide for the assignment of the trial judge who had previously presided over a capital trial to the postconviction or collateral relief proceeding, if that judge was active or otherwise available to serve, unless this Court directed otherwise. See In re Amendments to Florida Rules of Judicial Administration Regarding Death Cases, 672 So.2d 523, 523-24 (Fla.1996).
On February 7, 1997, the Court adopted rule 2.050(b)(10), "[i]n order to prevent the assignment of new judges with no prior experience trying criminal cases to death penalty cases." In re Amendment to the Florida Rules of Judicial Administration 2.050(b)(10), 688 So.2d 320, 320 (Fla.1997). To that end, the rule required that
[t]he chief judge shall ensure that no judge presides over a capital case in which the state is seeking the death penalty or collateral proceedings brought by a death row inmate until that judge has served a minimum of six months in a felony criminal division and has successfully completed the "Handling Capital Cases" course offered through the Florida College of Advanced Judicial Studies within the last five years.
Id. Following a comment period, the Court further amended rule 2.050(b)(10) to remove the requirement that the judge complete the full course at least every five years, to include a "refresher course" requirement, and to provide an exemption from the training and experiential requirement allowing a judge to preside over the collateral proceeding of a capital defendant at whose trial or earlier collateral proceeding the judge had presided. In re Amendment to the Florida Rules of Judicial Administration, Rule 2.050(b)(10), 701 So.2d 864, 865 (Fla.1997).
Subsequently, in amending rule 2.050(b)(4), the Court removed the requirement that a judge who presided over a capital trial resulting in a death sentence was to preside over any collateral proceeding brought by the same defendant. Amendments to Fla. Rules of Criminal Procedure 3.851, 3.852, & 3.993 & Fla. Rule of Judicial Administration 2.050, 797 So.2d 1213, 1234 (Fla.2001). Instead, the amendment provided for the appointment of any judge qualified under subdivision (b)(10) to conduct capital or capital postconviction proceedings. Id. At that time, however, the Court did not remove the exemption provision now contained in subdivision (b)(10)(E) of rule 2.215, which provides as follows: "This rule shall not preclude a judge from presiding in collateral proceedings in a case in which the judge presided over the trial or an earlier collateral proceeding." We do so now.
By eliminating the exemption in rule 2.215(b)(10)(E), we make clear our intent that every judge presiding over a capital proceeding is current in the educational requirements under subdivision (b)(10), unless waived by the chief justice. Because rule 2.215(b)(10)(C) establishes that *239 a judge who has taken the Handling Capital Cases course, but who has not taken the refresher course within the three-year period, may requalify by taking the refresher course, we do not require the establishment of a new course specially designated for those previously subject to the exemption.
Accordingly, we amend Florida Rule of Judicial Administration 2.215 as reflected in the appendix to this opinion. Deletions are indicated by struck-through type. The amendment shall become effective October 1, 2008, at 12:01 a.m. However, because the Court did not publish the amendment for comment prior to its adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
QUINCE, C.J., WELLS, ANSTEAD, PARIENTE, LEWIS, BELL, JJ., and CANTERO, Senior Justice, concur.

APPENDIX
RULE 2.215. TRIAL COURT ADMINISTRATION
(a) [No Change]
(b) [No Change]
(1)-(9) [No Change]
(10)
(A)-(D) [No Change]
(E) This rule shall not preclude a judge from presiding in collateral proceedings in a case in which the judge presided over the trial or an earlier collateral proceeding.
(c)-(i) [No Change]

Committee Notes

[No Change]
NOTES
[1] The Florida Rules of Judicial Administration were renumbered, effective September 21, 2006. In re Amendments to the Florida Rules of Judicial Administration-Reorganization of the Rules, 939 So.2d 966 (Fla.2006). Rule 2.050 became rule 2.215.
[2] An original and nine paper copies of all comments must be filed with the Court on or before November 24, 2008, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. Electronic copies of all comments also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004) (on file with Clerk, Fla. Sup. Ct.).