PER CURIAM.
On its own motion, the Court amends Florida Rule of Judicial Administration 2.215, Trial Court Administration. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(g)(1).
Florida Rule of Judicial Administration 2.215(b)(10) establishes the requisite minimum felony trial experience and educational training of circuit court judges necessary to preside over capital cases, and the responsibility of the chief judge in assigning capital cases. In In re Amendments to Florida Rule of Judicial Administration 2.215, 978 So.2d 805 (Fla.2008), the Court amended subdivision (b)(10)(C) to clarify when a circuit judge must take the capital case refresher course to remain in compliance with the rule.[1]
As indicated by the 1997 Court Commentary to then-numbered Florida Rule of Judicial Administration 2.050,[2] the Court intended that the three-year judicial education reporting period be the time frame in which a judge could take the capital refresher course in order to remain qualified to preside over death penalty cases. The Court’s amendment to rule 2.215 as set out in the appendix to this opinion returns subdivision (b)(10)(C) to the original period contemplated when the Court first amended the rule to include the refresher course requirement. See In re Amendment to the Fla. Rules of Judicial Administration, Rule 2.050(b)(10), 701 So.2d 864, 865 (Fla.1997).
Accordingly, we amend Florida Rule of Judicial Administration 2.215 as reflected in the appendix to this opinion. New language is indicated by underscoring and deletions are indicated by struck-through type. The amendment shall become effective immediately upon release of this opinion. However, because the Court did not publish the amendment for comment prior to its adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3]
It is so ordered.
*1242 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 2.215. TRIAL COURT ADMINISTRATION
(a) [No Change]
(b) [No Change]
(1) — (9) [No Change]
(10)
(A)-(B) [No Change]
(C) Following attendance at the “Handling Capital Cases” course, a judge shall remain qualified to preside over a capital case for three calendar — years)-and may malntain-thab-qualification by attending a “Capital Case Refresher” course once during each following-three-year period of the subsequent continuing judicial education (CJE) reporting periods. A judge who has attended the “Handling Capital Cases” course and who has not taken the “Capital Case Refresher” course within three-years any subsequent continuing judicial education reporting period must requalify to preside over a capital case by attending the refresher course.
(D) [No Change]
(c)-(i) [No Change]

.The Court's amendments also reorganized rule 2.215(b)(10) by separating the requirements for trial court judges to serve in capital cases into subdivisions, clarifying that the judge must have presided for a minimum of six months in a felony division, adding the alternative of presiding in a division that includes felony criminal cases, and allowing for waiver of the requirements. In re Amendments to Fla. Rule of Judicial Admin. 2.215, 978 So.2d at 805.

. The Florida Rules of Judicial Administration were renumbered, effective September 21, 2006. In re Amendments to the Fla. Rules of Judicial Admin.—Reorganization of the Rules, 939 So.2d 966, 966-967 (Fla.2006). Rule 2.050 became rule 2.215.

. An original and nine paper copies of all comments must be filed with the Court on or before April 25, 2011, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this *1242 case. Electronic copies of all comments also must be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004) (on file with Clerk, Fla. Sup. Ct.).